Jahan C. Sagafi (Cal. Bar No. 224887)
jsagafi@outtengolden.com
OUTTEN & GOLDEN LLP
One Embarcadero Center, 38th Floor
San Francisco, CA 94111
Telephone:  (415) 638-8800
Facsimile:  (415) 638-8810

Michael N. Litrownik (*pro hac vice* motion forthcoming)
mlitrownik@outtengolden.com
Deirdre Aaron (*pro hac vice* motion forthcoming)
daaron@outtengolden.com
3 Park Avenue, 29th Floor
New York, NY 10016
Telephone: (212) 245-1000
Facsimile:  (646) 509-2060

Jason C. Marsili (SBN 233980)
jmarsili@posner-rosen.com
Brianna M. Primozic (SBN 274397)
bprimozic@posner-rosen.com
POSNER & ROSEN LLP
3600 Wilshire Boulevard, Suite 1800
Los Angeles, CA 90010
phone: (213) 389-6050
facsimile: (213) 389-0663

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WENDELL WALTON, individually and on behalf of all others similarly situated, | |
| Plaintiff, | **CLASS AND COLLECTIVE ACTION COMPLAINT** |
| v. | **DEMAND FOR JURY TRIAL** |
| AT&T INC. and AT&T SERVICES, INC., | |
| Defendants. | |

Plaintiff Wendell Walton ("Plaintiff"), individually and on behalf of all others similarly situated, by his attorneys at Outten & Golden LLP, alleges, upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

## PRELIMINARY STATEMENT

1.     Plaintiff is a training professional employed by Defendants AT&T Inc. and AT&T Services, Inc. (collectively, "AT&T" or "Defendants"), classified as exempt from the overtime requirements of the Fair Labor Standards Act ("FLSA") and state law.  Plaintiff brings this action on behalf of himself and other similarly situated training professionals, including those in Training Design and Delivery (Instructors), who work or worked for AT&T at any time from three years before the filing of the Complaint to the date of judgment (collectively, "Training Specialists").

2.     The primary duty of Plaintiff and Training Specialists is to convey training information provided by subject matter experts ("SMEs") to client students within AT&T according to established AT&T policies, procedures, guidelines, and systems, using their skill and experience.

3.     AT&T has unlawfully classified Plaintiff and Training Specialists as exempt from overtime payments under federal and state laws, despite the fact that they should have been classified as nonexempt.  Plaintiff and Training Specialists worked overtime hours, as defined by the applicable federal and state laws, and are

CLASS AND COLLECTIVE ACTION COMPLAINT

and have been entitled to premium compensation at the appropriate rate ("overtime compensation") for all overtime hours worked.

4.     AT&T has willfully refused to pay Plaintiff and other Training Specialists the required overtime compensation for overtime hours worked, and has failed to keep time records as required by law.

5.     AT&T is a multinational telecommunications corporation, headquartered in Dallas, Texas.  AT&T is the 23rd largest company in the world.

6.     AT&T has employed Training Specialists at their locations nationwide.

7.     Pursuant to AT&T's corporate policies, AT&T has classified Training Specialists as exempt from the overtime pay requirements of the FLSA and state law.

8.     By the conduct described in this Class and Collective Action Complaint, AT&T has willfully violated the FLSA and state law by failing to pay Training Specialists, including Plaintiff, proper overtime wages as required by law.

9.     Plaintiff seeks to recover unpaid wages that Defendants owe him and similarly situated current and former Training Specialists.  He brings this action under the FLSA, 29 U.S.C. §§ 201 et seq., on behalf of himself and all similarly situated current and former Training Specialists who elect to opt into this action pursuant to the collective action provision of the FLSA, 29 U.S.C. § 216(b).

10.     Plaintiff also brings this action on behalf of himself and all similarly

situated current and former Training Specialists who worked for AT&T in

California pursuant to Federal Rule of Civil Procedure 23 to remedy violations of

the California Labor Code §§ 218.5, 226, 510, 1174, 1174.5, and 1194; California

Wage Order 4-2001; California Business and Professions Code §§ 17200 et seq.,

and related regulations; and the Private Attorneys General Act of 2004

(collectively, the "California Wage Laws").

## JURISDICTION AND VENUE

11.   This Court has federal question jurisdiction over Plaintiff's claims

pursuant to 28 U.S.C. § 1331.

12.   In addition, the Court has jurisdiction over Plaintiff's claims under the

FLSA pursuant to 29 U.S.C. § 216(b).

13.   This Court has jurisdiction over Plaintiff's state law claims under 28

U.S.C. § 1367 because the state law claim and the federal claim are so closely

related that they form part of the same case or controversy under Article III of the

United States Constitution.

14.   This Court also has jurisdiction over Plaintiff's state law claims under

28 U.S.C. § 1332(d).  There are more than 100 members of the proposed class.  At

least some of the members of the proposed class are citizens of a different state

than Defendants.  The claims of the proposed class members exceed $5,000,000 in

the aggregate, exclusive of interest and costs.

15.   This Court is empowered to issue a declaratory judgment pursuant to

28 U.S.C. §§ 2201 and 2202.

16.    Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred and Defendants are subject to the Court's personal jurisdiction in this District.

## **THE PARTIES**

**Plaintiff**

***Plaintiff Wendell Walton***

17.    Plaintiff Wendell Walton ("Walton") is a resident of Monrovia, California.

18.    Walton has been employed by AT&T from approximately July 2000 through the present.  From approximately January 2001 through the present, Walton has been employed by AT&T as a Senior Training Manager Design, which is a type of Training Professional as defined herein.

19.    Walton worked for AT&T at one of their office locations in Montrose, California.

20.    Walton regularly worked more than 40 hours in a workweek, but was not paid for any hours he worked over 40.

21.    During the week of March 23 to March 29, 2015, Walton worked in excess of forty (40) hours.

22.    Defendants failed to keep accurate records of the hours that Walton

worked as a Training Professional.

**Defendants**

*Defendant AT&T Inc.*

23.   AT&T Inc. is a Delaware corporation doing business within Los Angeles County in the State of California.  AT&T Inc. maintains corporate headquarters in Dallas, Texas at One AT&T Plaza, 208 South Akard Street.

*Defendant AT&T Services, Inc.*

24.   AT&T Services, Inc. is a Delaware corporation doing business within Los Angeles County in the State of California and maintains corporate headquarters in Dallas, Texas at One AT&T Plaza, 208 South Akard Street. AT&T Services, Inc. is a wholly-owned subsidiary of AT&T Inc.

## COLLECTIVE ACTION ALLEGATIONS

25.   Plaintiff brings the First Cause of Action, pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of himself and all similarly situated persons who elect to opt into this action who work or have worked for Defendants as Training Specialists nationwide on or after May 18, 2012 (the "Collective").

26.   Plaintiff is similarly situated to other Training Specialists.

27.   Plaintiff and other Training Specialists are similarly situated in that they have substantially similar job requirements and pay provisions, and are subject to AT&T's common practice, policy, or plan of unlawfully characterizing

- 5 -

Training Specialists as exempt employees and refusing to pay them overtime in violation of the FLSA.

28.    Defendants are liable under the FLSA for, inter alia, failing to properly compensate Plaintiff and other Training Specialists.  There are many similarly situated current and former Training Specialists who have not been paid for all hours worked over 40 in a workweek in violation of the FLSA who would benefit from the issuance of a court-supervised notice regarding the present lawsuit and the opportunity to join it.  Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records, such that notice should be sent to them pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

*The California Class*

29.    The California Plaintiff brings the Second, Third, Fourth, Fifth, and Sixth Causes of Action under Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and all persons who have worked for Defendants as Training Specialists in California at any time between May 18, 2011 and the date of final judgment in this matter (the "California Class").

30.    Excluded from the California Class are Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the

Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the California Class.

31.     The persons in the California Class identified above are so numerous that joinder of all members is impracticable.  The California Plaintiff is informed and believes, and on that basis alleges, that Defendants have employed at least 100 persons who satisfy the definition of the California Class.

32.     Defendants acted or refused to act on grounds generally applicable to the California Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the California Class as a whole.

33.     There are questions of law and fact common to the California Class that predominate over any questions solely affecting individual members of the California Class, including but not limited to:

      a.  whether Defendants have unlawfully failed to pay the California Class all overtime compensation owed, in violation  of the California Labor Code and related regulations, Cal. Labor Code §§ 226, 510, 1174, 1174.5, and 1194; Cal. Wage Order No. 4-2001; and the California Unfair Competition Law, Cal. Bus & Prof. Code § 17200 et seq.;

      b.  Whether Plaintiff and the California Class members are nonexempt employees entitled to overtime compensation for overtime hours worked under the overtime pay requirements of California law;

      c.  Whether AT&T's policy and practice of classifying the California Class members as exempt from overtime entitlement under California law and AT&T's policy and practice of failing to pay overtime to the California Class members violate applicable provisions of California law, including applicable statutory and regulatory authority;

d. whether Defendants have unlawfully failed to keep and furnish California Class members with accurate records of hours worked in violation of California Labor Code §§ 226 and 1174; and

e. the nature and extent of California Class members' injuries and the appropriate measure of damages for California Class members.

34. The California Plaintiff's claims are typical of the claims of the California Class he seeks to represent. The California Plaintiff and the California Class worked or work for Defendants as Training Specialists in California and have been subjected to Defendants' policy and pattern or practice of failing to pay overtime wages for hours worked in excess of 40 hours per workweek and/or 8 hours per workday. Defendants acted and refused to act on grounds generally applicable to the California Class, thereby making declaratory relief with respect to the California Class appropriate.

35. The California Plaintiff will fairly and adequately represent and protect the interests of the California Class. The California Plaintiff understands that, as a class representative, he assumes a fiduciary responsibility to the California Class members to represent their interests fairly and adequately. The California Plaintiff recognizes that as the class representative, he must represent and consider the interests of the California Class just as he would represent and consider his own interests. The California Plaintiff understands that in decisions regarding the conduct of the litigation and its possible settlement, he must not favor his own interests over those of the California Class. The California Plaintiff recognizes

that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the California Class. The California Plaintiff understands that in order to provide adequate representation, he must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in his possession, and testify, if required, in a deposition and in trial.

36.   The California Plaintiff has retained counsel competent and experienced in complex class action employment litigation.

37.   A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual Plaintiff may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The California Class members have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual members of the California Class are not de minimis, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

38.   This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## COMMON FACTUAL ALLEGATIONS

39.    Pursuant to a centralized, company-wide policy, pattern, and/or practice, AT&T has unlawfully classified Plaintiff and other Training Specialists as exempt from overtime payments under federal and state laws, despite the fact that they should have been classified as nonexempt.

40.    As a result, Defendants failed to pay Plaintiff and other Training Specialists for all of their hours worked, including for any of the overtime hours they worked over 40 in a workweek.

41.    Defendants failed to keep accurate records of the hours that Plaintiff and other Training Specialists worked.

42.    All of the work that Plaintiff and other Training Specialists have performed has been assigned by Defendants, and/or Defendants have been aware or should have been aware of all of the work that Plaintiff and other Training Specialists have performed.

43.    As part of their regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a policy, pattern, and/or practice of violating the FLSA.  This policy, pattern, and/or practice includes but is not limited to:

a.    willfully failing to pay Plaintiff and other Training Specialists proper overtime wages for hours that they worked in excess of 40 hours in a workweek; and

b.    willfully failing to record and properly compensate for all of the

time that Plaintiff and other Training Specialists have worked for the benefit of Defendants.

44.    Defendants are aware or should have been aware that the FLSA requires them to pay Plaintiff and other Training Specialists an overtime premium for hours worked in excess of 40 hours per workweek.

45.    Defendants' conduct alleged herein has been widespread, repeated, and consistent, and it is contrary to the FLSA.

### FIRST CAUSE OF ACTION
### FLSA:  Unpaid Overtime Wages
**Brought by Plaintiff Individually and on Behalf of the Collective**

46.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

47.    At all relevant times, Plaintiff and other similarly situated current and former Training Specialists were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

48.    The overtime wage provisions set forth in §§ 201 et seq. of the FLSA apply to Defendants.

49.    Defendants were and are employers of Plaintiff and other similarly situated current and former Training Specialists and are engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

50.    At all relevant times, Plaintiff and other similarly situated current and former Training Specialists were and are employees within the meaning of 29

CLASS AND COLLECTIVE ACTION COMPLAINT

U.S.C. §§ 203(e) and 207(a).

51.   Defendants have failed to pay Plaintiff and other similarly situated current and former Training Specialists the wages to which they were entitled under the FLSA.

52.   Defendants' violations of the FLSA, as described in this Class and Collective Action Complaint, have been willful and intentional.

53.   Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255, as it may be tolled or extended by agreement, equity or operation of law.

54.   As a result of Defendants' willful violations of the FLSA, Plaintiff and other similarly situated current and former Training Specialists have suffered damages by being denied wages in accordance with 29 U.S.C. §§ 201 et seq., in amounts to be determined at trial or through undisputed record evidence, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**
**California Wage Order No. 4-2001; California Labor**
**Code §§ 510, 1194: Unpaid Overtime Wages**
**Brought by the California Plaintiff Individually and on Behalf of the**
**California Class**

55.   The California Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

56.   California law requires employers, such as Defendants, to pay

- 12 -

overtime compensation to all non-exempt employees for all hours worked over 40 per workweek and over 8 per day.

57.    The California Plaintiff and California Class members are non-exempt employees entitled to be paid overtime compensation for all overtime hours worked.

58.    At all relevant times, the California Plaintiff and California Class members worked in excess of 40 hours in a workweek and 8 hours in a workday.

59.    At all relevant times, Defendants failed and refused to pay the California Plaintiff and California Class members overtime premium pay for all of their overtime hours worked.

60.    As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, the California Plaintiff and California Class members have sustained damages, including loss of earnings for hours of overtime worked for the benefit of Defendants in an amount to be established at trial, prejudgment interest, and costs and attorneys' fees, pursuant to statute and other applicable law.

### THIRD CAUSE OF ACTION
**California Wage Order No. 4-2001; California Labor Code §§ 226, 1174, & 1174.5:  Record-Keeping Violations Brought by the California Plaintiff Individually and on Behalf of the California Class**

61.    The California Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

62.    Defendant knowingly and intentionally failed to provide timely,

accurate, itemized wage statements including, inter alia, all hours worked, to the California Plaintiff and California Class members in accordance with California Wage Order No. 4-2001 and California Labor Code § 226(a).  Such failure caused injury to the California Plaintiff and the California Class, by, among other things, impeding them from knowing the amount of wages to which they are and were entitled.  At all times relevant herein, Defendants have failed to maintain accurate records of hours worked by the California Plaintiff and California Class members as required under Labor Code § 1174(d).

63.    The California Plaintiff and California Class members are entitled to and seek injunctive relief requiring Defendants to comply with California Labor Code §§ 226(a) and 1174(d), and further seek the amount provided under California Labor Code §§ 226(e) and 1174.5, including the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period.

**FOURTH CAUSE OF ACTION**
**(California Meal Period Provisions,**
**Cal. Wage Order No. 4-2001; Cal. Labor Code §§ 218.5, 226.7, & 512,**
**Brought by the California Plaintiff,**
**on behalf of Himself and the California Class)**

64.    The California Plaintiff, on behalf of himself and all members of the California Class, realleges and incorporates by reference the preceding paragraphs as if they were set forth again herein.

65.    The California Plaintiff and the California Class members regularly work and have worked in excess of five-hour shifts without being afforded at least a half-hour meal break in which they were relieved of all duty, and more than ten-hour shifts without being afforded a second half-hour meal break in which they were relieved of all duty, as required by Labor Code §§ 226.7 and 512 and Wage Order No. 4-2000, § 11(a).

66.    In addition, the California Plaintiff and California Class members regularly work and have worked without being afforded at least one ten-minute rest break, in which they were relieved of all duty, per four hours of work performed or major fraction thereof, as required by Labor Code §§ 226.7 and Wage Order No. 4-2000, § 12.

67.    As a result of Defendants' failure to afford proper meal periods, Defendants are liable to the California Plaintiff and California Class members for one hour of additional pay at the regular rate of compensation for each workday that the proper meal periods were not provided, pursuant to Labor Code § 226.7 and Wage Order No. 4-2001, § 11(b).

**FIFTH CAUSE OF ACTION**
**California Business & Professions Code §§ 17200 et seq.:  Unfair Competition**
**Brought by the California Plaintiff Individually and on Behalf of the**
**California Class**

68.    The California Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

69.    The foregoing conduct, as alleged, violates the California Unfair

Competition Law ("UCL").  The UCL prohibits unfair competition by prohibiting, inter alia, any unlawful or unfair business acts or practices.

70.    Beginning at a date unknown to the California Plaintiff, but at least as long ago as four years prior to the filing of the Complaint, Defendants committed, and continue to commit, acts of unfair competition, as defined by the UCL, by, among other things, engaging in the acts and practices described herein. Defendants' conduct as alleged herein has injured the California Plaintiff and the California Class by wrongfully denying them earned wages, and therefore was substantially injurious to the California Plaintiff and the California Class.

71.    Defendants engaged in unfair competition in violation of the UCL by violating, inter alia, each of the following laws.  Each of these violations constitutes an independent and separate violation of the UCL:

      a.     FLSA, 29 U.S.C. §§ 201 et seq.;
      b.     California Labor Code § 1194;
      c.     California Labor Code § 226;
      d.     California Labor Code § 1174; and
      e.     California Labor Code § 510.

72.    Defendants' course of conduct, acts, and practices in violation of the California laws mentioned in the above paragraph constitute a separate and independent violation of the UCL.  Defendants' conduct described herein violates the policy or spirit of such laws or otherwise significantly threatens or harms competition.

73.    The unlawful and unfair business practices and acts of Defendants,

- 16 -

described above, have injured California Class members in that they were

wrongfully denied the payment of earned overtime wages.

74.   The California Plaintiff, on behalf of himself and the California Class,

seeks recovery of attorneys' fees and costs of this action to be paid by Defendants,

as provided by the UCL and California Labor Code §§ 218, 218.5, and 1194.

75.   The California Plaintiff, on behalf of himself and the California Class,

seeks restitution in the amount of the respective unpaid wages earned and due,

including for unpaid overtime at a rate not less than one and one-half times the

regular rate of pay for work performed in excess of 40 hours in a workweek, or 8

hours in a day, and double the regular rate of pay for work performed in excess of

12 hours per day.

### SIXTH CAUSE OF ACTION
**Violation of California's Private Attorneys General Act;
Cal. Labor Code §§ 2699 et seq.
Brought by the California Plaintiff Individually and on Behalf of the
California Class**

76.   The California Plaintiff realleges and incorporates by reference all

allegations in all preceding paragraphs.

77.   California's Private Attorneys General Act, Cal. Labor Code §§ 2698

et seq. ("PAGA"), provides that an aggrieved employee may bring a civil action on

behalf of such employee and other current and former employees to recover for

any violation of a provision of the California Labor Code, which provides for a

civil penalty to be assessed and collected by the California Labor and Workforce

CLASS AND COLLECTIVE ACTION COMPLAINT

Development Agency, or any of its departments, divisions, commissions, boards, agencies or employees  (collectively, the "LWDA").

78.    Whenever the LWDA has discretion to assess a civil penalty, a court in a civil action is authorized pursuant to PAGA to exercise the same discretion to assess a civil penalty on behalf of aggrieved employees, subject to the same limitations and conditions.

79.    The California Plaintiff, on behalf of himself and the other members of the California Class are "aggrieved employees," as defined by the California Labor Code, § 2699(c) in that they are all current or former employees of Defendants, and one or more of the alleged violations was committed against them.

80.    The California Plaintiff, on behalf of all aggrieved employees in his capacity as private attorney general, seeks penalties under the California Labor Code and PAGA for the violations alleged against the Defendants in this complaint under California state law.

81.    Specifically, in such capacity, the California Plaintiff alleges the following violations and associated penalties:

  a. Failure to Pay Overtime Wages:  Defendants failed to pay all overtime wages due to the California Plaintiff and other aggrieved employees, in violation of the California Cal. Wage Order No. 4 and Cal. Labor Code §§ 510, 1194, as detailed in this Class and Collective Action Complaint.

  b. Failure to Provide Complete and Accurate Wage Statements: Defendants failed to provide complete and accurate wage statements containing all wages due to the California Plaintiff

and other aggrieved employees, in violation of the California Labor Code § 226(a) and the IWC Wage Orders, as detailed in this Class and Collective Action Complaint.

c.    Failure to Keep Accurate Payroll Records:   Defendants failed to provide complete and accurate wage statements regarding all wages due to the California Plaintiff and other aggrieved employees, in violation of the California Labor Code § 1174.5 and the IWC Wage Orders, as detailed in this Class and Collective Action Complaint.

82.    These failures by Defendants were willful and constitute a violation of PAGA, thereby entitling the California Plaintiff to recover statutory penalties under the California Labor Code §§ 558 and 2599, et seq.

83.    Pursuant to the California Labor Code § 2699(a), (f) and (g) and related provisions, the California Plaintiff, as a private attorney general on behalf of all aggrieved employees, requests and is entitled to recover penalties against Defendants, jointly and severally, for each aggrieved employee per pay period for the initial violation and for each aggrieved employee per pay period for each subsequent violation, subject to any applicable cap.

84.    On May 18, 2015, the California Plaintiff provided written notice by certified mail to the LWDA and to Defendants of the legal claims and theories of this case contemporaneous with the filing of the Class and Collective Action Complaint in this action.

85.     Pursuant to the California Labor Code § 2699(i), civil penalties recovered by aggrieved employees shall be distributed as follows: seventy-five percent to the LWDA and twenty-five percent to the aggrieved employees.

86.     Furthermore, the California Plaintiff, as a private attorney general on behalf of all other aggrieved employees, requests and is entitled to recover from Defendants, jointly and severally, interest, attorney's fees and costs pursuant to California Labor Code §§ 210, 218.5, 1194(a), and 2699.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

A.     Designation of this action as a collective action on behalf of the Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b);

B.     Certification of the California Class pursuant to Rule 23 of the Federal Rules of Civil Procedure;

C.     Designation of the California Plaintiff as Class Representative of the California Class;

D.     A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

E.     An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

F.     Pre-judgment and post-judgment interest, as provided by law;

G.     Attorneys' fees and costs of action incurred herein, including expert fees; and

H.     Such other relief as this Court deems just and proper.

1

## DEMAND FOR TRIAL BY JURY

2

3

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff

4

demands a trial by jury on all questions of fact raised by the Class and Collective

5

Action Complaint.

6

Dated:      May 18, 2015

7

Respectfully submitted,

8

9

By: */s/ Jahan C. Sagafi*

10

Jahan C. Sagafi

11

**OUTTEN & GOLDEN LLP**

12

Jahan C. Sagafi (Cal. Bar No. 224887)
One Embarcadero Center, 38th Floor

13

San Francisco, CA 94111

14

Telephone: (415) 638-8800
Facsimile:  (347) 390-2187

15

16

Michael N. Litrownik (pro hac vice motion
forthcoming)

17

Deirdre Aaron (*pro hac vice* motion

18

forthcoming)
3 Park Avenue, 29th Floor

19

New York, NY 10016

20

Telephone: (212) 245-1000
Facsimile:  (646) 509-2060

21

22

Jason C. Marsili (SBN 233980)

23

Brianna M. Primozic (SBN 274397)
POSNER & ROSEN LLP

24

3600 Wilshire Boulevard, Suite 1800

25

Los Angeles, CA 90010
phone: (213) 389-6050

26

facsimile: (213) 389-0663

27

***Attorneys for Plaintiff and proposed***

28

- 21 -

1          *Collective and Class Members*